UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| EUGENE EMANUEL BATES, | ) | |
| | ) | Civil No. 14-283-GFVT-REW |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| DON BOTTOM, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Petitioner Eugene Emanuel Bates's pro se Petition for a Writ of Habeas Corpus [R. 5] pursuant to 28 U.S.C. § 2254. Consistent with local practice, this matter was referred to Magistrate Judge Robert E. Wier for initial screening and preparation of a report and recommendation. Judge Wier filed his Report and Recommendation on January 12, 2015, in which he recommends that Bates's petition be denied. [R. 13 at 14].

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal. This Court will liberally construe the present filing of objections to the R&R as timely, although Bates has failed to stay strictly within the procedural filing deadlines.[1] [R. 14]. However, the Court cautions that future failure to stay within filing deadlines, absent a motion seeking an extension of time for filing objections pursuant to Local Rule 7.1(b), will result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985).

---

[1] Bates's objections were mailed on February 4th, 2015, twenty-three days after the filing of the R&R by Magistrate Judge Wier. Pursuant to the "prisoner mailbox rule" articulated in *Houston v. Lack*, 487 U.S. 266, 266 (1988), such objections from a *pro se* litigant "are 'filed' at the moment of delivery to prison authorities for forwarding to the district court."

Bates specifically objects to two of Judge Wier's findings. [R. 14.] First, he objects to Judge Weir's determination that Bates' claimed error on jury instructions does not implicate a constitutional right, and thus, presents no federal habeas issue. Second, he objects to Judge Wier's conclusion that Kentucky courts, first the trial court and subsequently the Supreme Court of Kentucky, reasonably resolved his Batson challenge. These objections trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Bates's objections will be **OVERRULED**.

## I

On December 17, 2011, Bates entered the apartment of two men, Donald Lutz and Chase Bablitz, while no one was home. [R. 13 at 2.] After entering the apartment, Bates collected a number of items belonging to the apartment occupants, including two laptop computers, a gun, and a hat filled with coins. [*Id.*] As Bates was leaving with these items in hand, Lutz and Bablitz returned to the residence, saw Bates, and proceeded to chase and capture him as he attempted to flee. [*Id.*] After apprehending Bates, Lutz and Bablitz restrained him until authorities arrived, at which point Bates resisted arrest. [*Id.*]

In a post-arrest interview, Bates claimed to have known Lutz and Bablitz from previous drug buys, further claiming that he entered the apartment due to dissatisfaction with marijuana he had purchased from them. [*Id.*] At trial, however, both Bates and Lutz denied ever having met Bates prior to the night of the incident at their apartment. [*Id.* at 3.] Ultimately, the jury convicted Bates of "second-degree burglary, resisting arrest[], and of being a first-degree persistent felony offender, recommending a total sentence of twenty years of imprisonment."

[*Id.*] The trial court entered judgment consistent with the jury's verdict and recommendation. [*Id.*] Bates appealed to the Supreme Court of Kentucky, asserting (1) that he was entitled to a jury instruction on the lesser included offense of criminal trespass; and (2) that the trial court committed a *Batson* violation by denying his objection to the Commonwealth's peremptory strike of an African-American potential juror. [*Id.*] The Supreme Court of Kentucky rejected each challenge and affirmed the conviction. [*Id.*] The United States Supreme Court then denied Bates's petition for a writ of certiorari. [*Id.*]

Judge Wier's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case and the applicable standard of review for granting habeas relief pursuant to § 2254(d). Except for what the Court supplements in its discussion below, the Court incorporates his discussion of the record and the standard of review into this Order.

**II**

**A**

The first of Bates's objections concerns his first claim made in an effort to secure habeas relief, that he was entitled to a jury instruction on the lesser included offense of criminal trespass. Specifically, Bates objects to the determination by the Magistrate that Bates' claimed error on jury instructions does not implicate a constitutional right, and thus, presents no federal habeas issue. [R. 14 at 3.] Bates alleges that the "Court made the determination under a more stringent standard than for a pro se litigant in the determination." [*Id.*]

It is true that pro se pleadings are held to "less stringent standards" and are "entitled to liberal construction," which "requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85

(6th Cir. 1985) (internal quotations omitted). However, in spite of the "liberal pleading" standard accorded to pro se litigants, it remains that habeas relief is available "only on the ground that [a prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the Magistrate accurately stated that "[t]he state decision, to be vulnerable, must have transgressed federal constitutional strictures defined by the United States Supreme Court." [R. 13 at 9-10.]

Recent case law makes clear that the a trial error in state court does not implicate federal constitutional rights held by the petitioner. The Magistrate cites recent applicable Sixth Circuit precedent which holds that, "[t]he Supreme Court, however, has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case." *McMullan v. Booker*, 761 F.3d 662, 666-67 (6th Cir. 2014) (citing *Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980)). Thus, it follows that "in this non-capital case . . . Bates's complaint about instructions does not implicate a constitutional right." [R. 13 at 10.] Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction binds a federal court sitting in habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

As it further concerns the specific objection by Bates that too "stringent" a standard was applied by the Magistrate, the Sixth Circuit has stated: "[w]hile courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 Fed. App'x 506 (6th. Cir. 2011). Bates fails to cite any precedent, in either his Petition for a Writ of Habeas Corpus [R. 5], or his objections to the findings in the R&R [R. 14], supporting the instruction-based claim. The Magistrate applied the proper standard and proper case law as it

4

concerned Bates's claimed error on jury instructions. Bates's objection to the Magistrate's conclusion on this ground is without merit and is denied.

B

Bates's final objection concerns his second claim made in an effort to secure habeas relief: that the trial court erred when it denied his objection to the Commonwealth exercising a peremptory challenge to an African-American juror and that the Supreme Court of Kentucky then improperly denied relief of this *Batson* claim. Specifically, Bates objects to the finding by the Magistrate that Kentucky reasonably resolved the *Batson* claim, alleging that the reason given by the prosecutor for the peremptory strike of the juror at issue was "found to be false." [R. 14 at 2, 3.]

During voir dire, the Commonwealth used a peremptory strike to remove Juror 4460, an African-American female. Bates's attorney raised a *Batson* challenge. [R. 5 at 7; *Bates v. Commonwealth*, No. 2012-SC-645-MR, 2014 WL 730883 at *3-4.] The prosecutor offered two race-neutral grounds for its strike: "First, during the course of the day she was twice tardy in returning from breaks. Second, on her juror questionnaire she indicated she had a prior misdemeanor and that an eviction proceeding was currently pending against her." [2014 WL 730883 at *3.] Defense counsel objected to that reasoning and, following argument, "the trial court found that no *Batson* violation had occurred because the prosecutor had used the same reasoning in striking non-African-American jurors as he had in striking Juror 4460." [*Id*. at 4.] Specifically, "…Juror 4635, who was not African-American, was struck because of a prior criminal conviction; and… Juror 4433, who was not an African American, was struck because of a traffic conviction." [*Id.* at 3.] Upon appeal, the Supreme Court of Kentucky denied relief, relying upon *France v. Com.*, 320 S.W.3d 60, 67 (Ky. 2010), stating that:

5

> In *France*, we held that the removal by peremptory challenge of an African-American venire member for a prior misdemeanor conviction was justifiable and not pretextual. Based upon the same reasoning, we are persuaded that the trial court was not clearly erroneous in finding that the peremptory challenge of Juror 4460 was not a *Batson* violation.

[*Id.* at 4.]

Under *Batson v. Kentucky*, 476 U.S. 79 (1986), purposeful racial discrimination in the use of peremptory strikes during voir dire violates the Equal Protection Clause. When such a strike is challenged, *Batson* requires a court to engage in a three-step analysis:

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race. Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question. Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

*Miller-El v. Cockrell*, 537 U.S. 322, 328-29 (2003) (hereinafter *Miller-El I*) (citing *Batson*, 476 U.S. at 96-98). As it concerns steps two and three of the *Batson* analysis, the Supreme Court, in *Hernandez v. New York*, 500 U.S. 352, 360 (1991), has stated that in assessing the race-neutrality of the prosecutor's explanation, the issue is the "facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *See also Miller–El I*, 537 U.S. at 338–39 (2003) ("[T]he critical question in determining whether a prisoner has proved purposeful discrimination ... is the persuasiveness of the prosecutor's justification for his peremptory strike.") In assessing the validity of the prosecutor's explanation, a judge is to "tak[e] into account all possible explanatory factors in the particular case," *Thaler v. Haynes*, 559 U.S. 43, 48 (2010) (citing *Batson*, 476 U.S. at 95), and the prosecutor's "credibility can be measured by, among other factors, the prosecutor's demeanor; by how reasonable, or how improbable, the explanations are; and by whether the proffered rationale has some basis in accepted trial strategy." *Miller-El I*, 537 U.S. at 339.

Within the context of a writ of habeas corpus, the burden is on the petitioner to demonstrate that there was "no reasonable basis for the state court to deny relief." *See Smith v. Crowley*, 36 Fed. App'x 754, 755 (unreported) (citing *Strickland v. Washington*, 466 U.S. 668, 697); 28 U.S.C. § 2254. In *Hernandez*, where the defendant similarly sought federal habeas review of state courts' rejection of his Batson claim, the Supreme Court held that a trial judge's finding on the issue of discriminatory intent should not be disturbed unless it was "clearly erroneous." 500 U.S. at 369.

Continuing to construe Bates's pleadings liberally, the Court finds his objection to the Magistrate's finding on the *Batson* claim is without merit. In Bates's appeal, he claimed that "[h]ad the Court properly investigated, the Court would have discovered that the juror had no convictions of any kind." [R. 5 at 7.] As stated by the Magistrate, "Kentucky courts made a defensible credibility determination on lack of animus, and Bates provide[d] no evidence, and thus obviously no clear and convincing evidence under § 2254(e)(1), to weaken the presumptive accuracy of that finding." [R. 13 at 13.] The written objections to the findings within the R&R [R. 14] similarly fail to point to any evidence to substantiate the claim that the reason given by the prosecutor for the peremptory strike, that the juror had a prior misdemeanor conviction, as indicated on her juror questionnaire, was "false."

A petitioner cannot obtain federal habeas relief unless he can demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Additionally, a decision adjudicated on the merits in a state court and based on that factual determination – including a decision on the ultimate question of discriminatory intent – "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented at the state-

court proceeding." *Miller-El I*, 537 U.S. at 340 (citing 28 U.S.C. § 2254(d)). Again, Bates has not identified, and the record does not show any evidence of discriminatory animus. Accordingly, there is no basis upon which this Court could find the denials of his *Batson* claim by the preceding courts were contrary to clearly established federal law. This ground for habeas relief also fails.

### III

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court is in agreement with Judge Wier's analysis of Bates's two claims that are the subject of his objections. The Court agrees with the Magistrate's conclusion that Bates' claimed error on jury instructions does not implicate a constitutional right, and thus, presents no federal habeas issue, and that, due to the wholly conclusory nature of Bates's second objection, there is no ground upon which to grant habeas relief as it concerns his *Batson* claim.

The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . ." Rules Governing Section 2254 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El I,* 537 U.S. at 336. Under this standard, the Court believes that this Order, which adopts and incorporates by reference the Magistrate Judge's recommended disposition, is not debatable enough to issue a certificate of appealability. Accordingly, and the

Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Petitioner's Objections to the Magistrate's Report and Recommendation [**R. 13**] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [**R. 13**] is **ADOPTED** as and for the opinion of this Court;

3. The Petitioner's § 2254 Petition [**R. 1**] in is **DISMISSED WITH PREJUDICE**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

5. **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 4th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge